**RABB INTERNATIONAL, INC., Appellant,**

v.

**SHL THAI FOOD SERVICE, LLC, Appellee.**

No. 14–10–00151–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 2011.

James A. Dunn, Houston, for appellant.

Jeffrey A. Fanaff, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

KEM THOMPSON FROST, Justice.

This case arises from a dispute between tenants of a shopping center, in which an incorporated retailer brought negligence and nuisance claims against a restaurant for damage to items belonging to the retailer following a back-up in the shopping center's sewer line. The jury found in favor of the restaurant. The retailer corporation was represented by counsel through the end of trial, but the corporation's non-attorney officer filed the motion for new trial. On appeal, all of the error assigned by the corporation is based upon the trial court's denial of that motion. We conclude that the filing of the motion for new trial extended the deadline for perfecting appeal. Nonetheless, the trial court reasonably could have denied the motion for new trial because it was filed by a non-lawyer purportedly on behalf of a corporation. Accordingly, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Rabb International, Inc. ("Rabb"), a retail tenant in a shopping center, brought suit against appellee/defendant SHL Thai Food Service, LLC (the "Restaurant"), a restaurant in the same shopping center, seeking to recover damages for rugs belonging to Rabb that were damaged after a sewer line in the shopping center backed up. According to Rabb's pleadings, the Restaurant was negligent in failing to clean its grease traps, and grease built up in the sewer line, causing water from the sewer line to enter Rabb's retail space. Rabb claims that the water damaged a number of rugs, causing $250,000 in property damage. Rabb also alleged that the Restaurant's conduct created a nuisance, resulting in the alleged damages.

From the filing of the lawsuit through the end of trial, an attorney represented Rabb. The jury returned a verdict in favor of the Restaurant. On November 2, 2009, the trial court signed a final judgment in the Restaurant's favor. On December 1, 2009, Haseeb Butt, Rabb's owner and president, who is not licensed as an attorney, filed a motion for new trial, challenging the sufficiency of the evidence to support the jury's findings. In the motion, Butt indicated that neither he nor Rabb could afford an attorney to pursue the motion for new trial. In response, the Restaurant argued that the motion should be denied because (1) only a licensed attorney can represent a corporation in court, and (2) the evidence at trial was sufficient to support the jury's findings. On January 11, 2010, the trial court denied the motion for new trial. On appeal, Rabb is represented by counsel and all of the alleged error assigned by Rabb is based upon the trial court's denial of Rabb's motion for new trial.

### ANALYSIS

### *Does this court have appellate jurisdiction?*

■■■ Corporations may appear in court and be represented only by a licensed attorney. *See Dell Dev. Corp. v. Best Indus. Uniform Supply,* 743 S.W.2d 302, 303 (Tex.App.-Houston [14th Dist.] 1987, writ denied). Therefore, Butt could not assert the motion for new trial on behalf of Rabb. *See id.* . This raises the issue of whether the motion for new trial is

void and therefore ineffective to extend the deadline to perfect appeal under Texas Rule of Appellate Procedure 26.1(a). *See* Tex.R.App. P. 26.1(a). Some cases suggest that a document filed in court by a non-attorney purportedly on behalf of a corporation is void. *See, e.g., Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ) (stating in an obiter dictum that if a non-attorney had filed a notice of appeal purportedly on behalf of a corporation, such a notice of appeal would have been "ineffective"). But, even though a non-attorney cannot represent a corporation, the Supreme Court of Texas has held that a non-attorney can perfect appeal on behalf of a corporation. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA.*, 937 S.W.2d 455, 456 (Tex.1996). In addition, this court and other intermediate courts of appeals have held that an answer purportedly filed on behalf of a corporation by a non-attorney, though defective, still prevents the trial court from granting a default judgment. *See Home Savings of Am. FSB v. Harris Cnty. Water Control and Improvement Dist.*, 928 S.W.2d 217, 219 (Tex.App.-Houston [14th Dist.] 1996, no writ); *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715–16 (Tex. App.-Austin 2005, no pet.); *R.T.A. Int'l v. Cano*, 915 S.W.2d 149, 150–51 (Tex.App.-Corpus Christi 1996, writ denied).

■ Based upon these cases, a document filed in court by a non-attorney purportedly on behalf of a corporation is defective but not void, and may be effective for certain purposes, such as avoiding a default judgment and perfecting appeal. *See Kunstoplast of Am., Inc.*, 937 S.W.2d

at 456; *Home Savings of Am. FSB*, 928 S.W.2d at 219. We conclude that Butt's filing of the motion for new trial purportedly on behalf of Rabb was sufficient to extend the deadline to perfect appeal under Texas Rule of Appellate Procedure 26.1(a) from thirty days after judgment to ninety days after judgment. *See* Tex. R.App. P. 26.1(a). Therefore, Rabb's appeal was timely and this court has appellate jurisdiction.[1]

### *Did the trial court err in denying the new trial motion because a non-attorney filed it?*

■ Even though a non-attorney's filing of a motion for new trial may be effective to extend the appellate deadlines, allowing a non-attorney to preserve appellate error by obtaining a ruling on such a motion would fail to impose any adverse consequences on the corporation for its attempt to have a non-attorney represent it in court. In this case, the Restaurant responded in opposition to the motion for new trial, noted that Butt was a non-attorney who could not represent Rabb, and argued that the motion should be denied on this basis. The parties have not cited and research has not revealed any case addressing whether it is within the discretion of a trial court to deny a motion for new trial because it was filed by a non-attorney purportedly on behalf of a corporation. We conclude that the trial court has this discretion. To conclude otherwise would reward the corporation and the non-attorney for the unauthorized practice of law. *See* Tex. Gov't Code Ann. § 81.051(a) (West 2005) ("The state bar is composed of those persons licensed to practice law in the state"); Tex. Gov't Code Ann.

---

1. The Restaurant has not asserted that Butt's filing of the motion for new trial made this appeal untimely, and the Restaurant has not asserted that this court lacks jurisdiction. The Restaurant has raised Butt's inability to represent Rabb regarding the motion for new trial as a basis for affirming the trial court's denial of the motion. We address the issue of our jurisdiction sua sponte.

§ 81.101(a) (West 2005) (defining "practice of law" as, among other actions, "preparation of a pleading or other document incident to an action ... on behalf of a client before a judge in a court"); Tex. Gov't Code Ann. § 81.102(a) (West 2005) (stating that, with exceptions not applicable in the case under review, "a person may not practice law in this state unless the person is a member of the state bar"); *Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 33 (Tex.2008) ("Those rules permit only individuals meeting specified qualifications to practice law. Entities ... are excluded").

Rabb asserts that, unless a trial court gives a corporation the opportunity to cure, the trial court should not be allowed to overrule a motion for new trial because it was filed by a non-attorney on behalf of a corporation. On the facts presented in the case under review, we disagree. Butt filed a motion for new trial purportedly on behalf of Rabb in the afternoon of the twenty-ninth day after the trial court signed the judgment. To cure this defective motion, an attorney would have had to file an amended motion for new trial on Rabb's behalf. Though this defective motion extended the time to perfect appeal and the trial court's plenary power, the trial court did not have the power to extend the deadline to file a timely amended motion for new trial. *See* Tex.R. Civ. P. 5, 329b(b); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex.2003) (holding that trial court has no power to allow party to amend motion for new trial more than thirty days after trial court signed the final judgment and that denial of amended motion for new trial filed more than thirty days after judgment preserved nothing for appellate review).

Therefore, the absolute deadline for Rabb to have filed an amended motion for new trial was December 2, 2009, the day after Butt filed the defective motion for new trial. *See* Tex.R. Civ. P. 329b(b); *Moritz*, 121 S.W.3d at 720. An amended motion for new trial filed by an attorney on or after December 3, 2009, would have preserved no error for appeal. *See Moritz*, 121 S.W.3d at 720–21. Rabb never requested the trial court to give an opportunity to cure the defective motion for new trial, and there is no indication in the record that before December 3, 2009, the trial judge or the Restaurant's counsel was aware that Butt had filed the defective motion. On this record, we conclude the trial court had no duty to recognize that a non-attorney had filed a motion for new trial on December 1, 2009, and to notify Rabb that it had until December 2, 2009 to have an attorney file an amended motion for new trial to cure the defect. *See Dell Dev. Corp.*, 743 S.W.2d at 303 (holding that trial court did not abuse its discretion by not sua sponte granting a continuance of trial when corporation sent only a non-attorney to represent the corporation at trial and trial court did not allow non-attorney to represent corporation at trial).

Corporations appearing in court may be represented only by a licensed attorney. *See id.* A corporation that attempts to thwart this rule and have a non-attorney represent the corporation does so at its peril. *See id.* In the case under review, the trial court did not abuse its discretion in denying the motion for new trial because it was filed by a non-attorney purportedly on Rabb's behalf. Because in all four appellate issues Rabb challenges only the denial of this motion, we overrule all of Rabb's appellate issues and affirm the trial court's judgment.