

# NUMBER 13-11-00675-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROBERT C. MORRIS,**                                                              **Appellant,**

**v.**

**ARICA D. FLORES, ET AL.,**                                                       **Appellees.**

### On appeal from the 267th District Court
### of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

By two issues, appellant, Robert C. Morris, maintains the trial court erred by denying his petition for access to the legal documents of another inmate, Faron Todd. The trial court dismissed the petition, concluding that appellant's claim was frivolous and that appellant did not satisfy the procedural requirements of Chapter 14 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2012). We affirm the trial court's order of dismissal.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Appellant claims grievance because prison officials denied him access to Todd's legal documents.[1]   Appellant was aiding Todd with post-conviction remedies while the two men were living in the same prison area.   However, appellant was later transferred to another area of the prison, which ended the direct contact between the two inmates.   To circumvent the separation, Todd sent appellant all of his legal documents and gave appellant his power of attorney.   The intent was that appellant would continue to work on Todd's claims, despite the separation of the two men.

Appellant states Todd's power of attorney gave him, among other things, the "authority and power to file any and all pleadings necessary for [Todd's] criminal conviction, including any civil action."   In his original petition, appellant describes himself as Todd's representative in "legal and litigation matters."   However, when Todd's legal documents arrived, prison officials denied appellant access to those documents.   The reason provided was that the prison could not allow one inmate to handle another inmate's mail.   Appellant filed suit after filing complaints with the prison grievance system.   Appellant also filed a declaration of inability to pay costs.

The trial court dismissed appellant's petition without prejudice, finding it was frivolous in nature and did not satisfy Chapter 14 of the Texas Civil Practices and Remedies Code. Appellant's claim was dismissed without a hearing.   This appeal followed.

---

[1]   Neither Arica D. Flores nor the Director's Review Committee filed an appellee's brief.   As a result, we accept as true the appellant's statement of facts supported by record citations.   *See* TEX. R. APP. P. 38.1(g).

## II.    ANALYSIS AND DISCUSSION

By two issues, appellant claims the trial court improperly dismissed his suit for an injunction and damages.    First, appellant argues the trial court abused its discretion in dismissing his suit for failing to comply with Chapter 14 procedural requirements.    Second, appellant argues dismissal was improper because his claim was not frivolous.

### 1.  Chapter 14 Procedural Requirements.

Chapter 14 of the Texas Civil Practice and Remedies Code governs petitions made by an inmate who files an unsworn declaration of inability to pay court costs.    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a); *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (applying Chapter 14 to inmate litigation).    On appeal, dismissal under Chapter 14 of the Civil Practice and Remedies Code is reviewed for an abuse of discretion.    *Lewis v. Johnson*, 97 S.W.3d 885, 887–88 (Tex. App.—Corpus Christi 2003, no pet.).    To show an abuse of discretion, appellant must establish that the trial court's action was arbitrary or unreasonable.    *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied).    Action without reference to any guiding principle is arbitrary or unreasonable.    *Id.*

A trial court may dismiss an inmate's claim if it is substantially similar to a previous claim arising from the same operative facts.    TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4); *Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *see also Harrison v. Kiper*, No. 07-07-0322-CV, 2008 Tex. App. LEXIS 7225, at *4 (Tex. App.—Amarillo Sept. 25, 2008, pet. denied) (mem. op.).    To inform the court of any substantial similarity, the inmate is required to adequately describe every previously filed *pro se* claim.    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2); *Samuels*, 11

S.W.3d at 406. The failure to adequately describe prior *pro se* claims allows the court to assume the claim arises from the same operative facts and to dismiss the claim. *Samuels*, 11 S.W.3d at 406.

To avoid dismissal, the inmate's affidavit must describe each prior *pro se* claim with sufficient detail. *White v. State*, 37 S.W.3d 562, 565 (Tex. App.—Beaumont 2001, no pet.). Merely stating the legal theories asserted in each prior *pro se* claim does not provide sufficient detail. *Id.*; *see also Williams v. TDCJ-ID*, No. 12-05-00166-CV, 2006 Tex. App. LEXIS 3588, at *6 (Tex. App.—Tyler April 28, 2006, pet. denied) (mem. op.) (finding the following descriptions insufficient: "retaliatory conspiracy," "denial of religious practice," "use of excessive force," and "denial of due process and equal protection of the law"); *Harrison*, 2008 Tex. App. LEXIS 7225, at *4 (finding the affidavit insufficient when it only stated that the inmate previously sought relief for gross negligence and negligence). An affidavit that does not provide the operative facts of prior *pro se* claims and only describes the previously asserted legal theories does not satisfy the statutory requirement. *White*, 37 S.W.3d at 565.

Appellant's declaration of previous filings was insufficient to satisfy the statutory requirements. Appellant listed three prior *pro se* claims and described them as follows: (1) "[f]ailure to pay money owed," (2) "[d]estruction, [d]isposing of property," and (3) "[r]etaliation for accessing the courts." Appellant's description merely listed previously asserted legal theories and does not sufficiently describe the operative facts. *See White*, 37 S.W.3d at 565. Because appellant only listed previously asserted legal theories, the trial court, in its discretion, could assume appellant's claim arose from the same operative facts

4

and dismiss appellant's claim. *See Samuels*, 11 S.W.3d at 406. Therefore, the trial court did not abuse its discretion. Appellant's first issue is overruled.

### 2. Appellant's Claim Was Frivolous.

Under Chapter 14, a trial court may dismiss an inmate's lawsuit that is malicious or frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). To determine whether a lawsuit is malicious or frivolous, a court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

When an inmate's lawsuit is dismissed as frivolous for having no basis in law, and no fact hearing was held, we focus on whether the inmate's lawsuit has an arguable basis in law, which we review de novo. *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, pet. denied) (mem. op.); *see also Newby v. Hurley*, No. 13-08-016-CV, 2008 Tex. App. LEXIS 6364, at *1 (Tex. App.—Corpus Christi, Aug. 21, 2008, no pet.) (mem. op.). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In conducting our de novo review, we take as true the allegations in the inmate's petition. *Scott*, 209 S.W.3d at 266. In other words, we review the inmate's petition to determine whether, as a matter of law, it states a cause of

action that would authorize relief. *Id.* at 266–67. A court may not dismiss an inmate's lawsuit simply because it thinks the inmate's allegations are "unlikely." *Id.* at 267.

Only members of the state bar and persons licensed by the Texas Supreme Court may practice law in Texas. TEX. GOV'T CODE ANN. § 81.102(a)–(b) (West 2012); *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A person practices law by, among other things, preparing pleadings incident to a lawsuit and managing a claim on a client's behalf. TEX. GOV'T CODE ANN. § 81.101(a); *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.) ("[D]rafting and signing the notice and brief under his own name on behalf of others [is an] attempt[] to practice law."); *Jimison by Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ).

A prison inmate, who is not a member of the state bar, may not practice law or otherwise represent another inmate. *See Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied); *see also Simmonds v. O'Reilly*, No. 14-09-00337-CV, 2010 Tex. App. LEXIS 4734, at *2 (Tex. App.—Houston [14th Dist.] June 24, 2010, no pet.) (mem. op.) (preventing *pro se* non-attorney inmate from filing pleadings on behalf of other inmates); *Henderson v. Univ. of Tex. Med. Branch*, No. 12-02-00092-CV, 2003 Tex. App. LEXIS 5886, at *4 (Tex. App.—Tyler July 9, 2003, pet. denied) (mem. op.) (finding inmate was engaged in  unauthorized practice of law by preparing and signing another inmate's pleadings). Distinguishable from a practicing attorney, an "attorney in fact" is similar to an agent and does not have the authorization to practice law. *See* TEX. PROB. CODE ANN. § 491 (West 2012); *see also Newton v. Delespine*, No. 12-05-00113-CV, 2006 Tex. App. LEXIS 10361, at *14–15 (Tex. App.—Tyler Dec. 1, 2006, pet. denied) (mem. op.).

Appellant's purpose in receiving the sought after legal documents was to pursue criminal or civil remedies and to file pleadings, on Todd's behalf. Appellant claims "to represent [the other inmate] in legal and litigation matters." Appellant, however, is not an attorney, and he is not legally permitted to represent or otherwise file pleadings on another inmate's behalf. *See Paselk*, 293 S.W.3d at 606. Appellant's alleged position of "attorney in fact" did not grant appellant the authorization to practice law. *See Newton*, 2006 Tex. App. LEXIS 10361, at *14–15. Therefore, appellant's claim of access to another inmate's legal documents has no arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b). The trial court properly dismissed appellant's claim as frivolous. Appellant's second issue is overruled

### III.      CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Delivered and filed the
26th day of July, 2012.

7