**Deny and Opinion Filed March 27, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00360-CV

### IN RE CARLA ROBINSON, Relator

**Original Proceeding from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-02-06685-T**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Relator files this pro se petition for writ of mandamus alleging that the trial court has failed to conduct a hearing on her motion to modify child support. The appendix filed with relator's petition includes an order to show cause dated December 2011; an order dated January 27, 2012 appointing counsel in connection with the order to show cause; a notice from the trial court showing the filing fee for the motion to modify, filed August 19, 2013, is unpaid; and an affidavit of indigence.

Relator's petition does not satisfy the requirements of the Texas Rules of Appellate Procedure. Relator has not included a sufficient clerk's record to allow the Court to determine that the trial court has not ruled on her petition. TEX. R. APP. P. 52.3(k), 52.7(a); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

In support of a petition for writ of mandamus, a relator must file a certified or sworn copy of every document that is material to relator's claim for relief and that was filed in the underlying proceeding. TEX. R. APP. P. 52.3(k), 52.7(a). In this case, relator has not provided the Court with the motion on which she contends the trial court has failed to rule or the trial court's docket sheet, which would be the minimum documents necessary to allow this Court to make a determination regarding the merits of relator's complaint, though inspection of the trial court's docket sheet could reveal additional documents might also be necessary to make a determination.

Relator's petition also is not certified as required. *See* TEX. R. APP. P. 52.3(j). The certification, which is in the form of an unsworn prisoner declaration, is not signed by relator, but rather is signed by James A. Roughley, an inmate who states that he prepared the writ of mandamus "as a concerned citizen for the interest of the person Ms. Carla L. Robinson." A petition for writ of mandamus must include a certificate that the person filing the petition has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the record. TEX. R. APP. P. 52.3(j). Relator has not signed the certification herself and her certificate also is not signed by counsel. *See* TEX. R. APP. P. 9.1.

Only members of the state bar of Texas and persons licensed by the Texas Supreme Court may practice law in Texas. TEX. GOV'T CODE ANN. § 81.102(a), (b) (West 2012); *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A person practices law by, among other things, preparing pleadings incident to a lawsuit and managing a claim on a client's behalf. TEX. GOV'T CODE ANN. § 81.101(a); *Martin v. Commercial Metals Co.,* 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.) (Drafting and signing pleadings on behalf of others is an attempt to practice law); *Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ) (Texas legislature

has defined the practice of law as, among other things, preparing pleadings and other documents).

A person who is not a member of the state bar may not practice law or otherwise represent another person. *See Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) (notice of appeal filed by non-attorney on behalf of another person was ineffective); *see also Simmonds v. O'Reilly*, No. 14–09–00337–CV, 2010 WL 2517976, at *1 n.1 (Tex. App.—Houston [14th Dist.] June 24, 2010, no pet.) (mem. op.) (preventing pro se non-attorney inmate from filing pleadings on behalf of other inmates); *Henderson v. Univ. of Tex. Med. Branch*, No. 12–02–00092–CV, 2003 WL 21553761, at *1 (Tex. App.—Tyler July 9, 2003, pet. denied) (mem. op.) (finding inmate was engaged in unauthorized practice of law by preparing and signing another inmate's pleadings).

Because relator has not presented a complete mandamus record and because relator's petition is not properly certified either by herself or an attorney on her behalf, relator has not shown she is entitled to relief. Accordingly, the Court **DENIES** the petition for writ of mandamus.

140360F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE