

## NUMBER 13-14-00399-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE EDWARD LEE JAYCOX

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion Per Curiam[1]

Relator, Edward Lee Jaycox, an incarcerated inmate proceeding pro se, filed a petition for writ of mandamus arising from trial court cause number 2003-10-5964 in the 24th District Court of Calhoun County, Texas, currently pending in our appellate cause number 13-13-00214-CR. On June 19, 2014, this Court abated the appeal pursuant to a motion to withdraw filed by appointed counsel and requested the trial court to issue findings and conclusions regarding whether appointed counsel should withdraw from

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

representation. On abatement, the trial court denied appointed counsel's motion to withdraw. Through this original proceeding, relator seeks to set aside the trial court's ruling and to allow relator to proceed on appeal with the legal assistance of a fellow inmate, R. Wayne Johnson.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig.

proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The gravamen of relator's contentions is that he should be allowed to proceed on appeal with the assistance of a fellow inmate who is not a licensed attorney. However, to practice law in Texas state courts, an individual must be a member of the State Bar of Texas and licensed by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 81.101 (West, Westlaw through 2013 3d C.S.); *Id.* § 81.102 (West, Westlaw through 2013 3d C.S.); TEX. PEN. CODE ANN. § 38.123 (West, Westlaw through 2013 3d C.S.); *see Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Crain v. The Unauthorized Practice of Law Comm. of the Sup.Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). A person practices law by, among other things, preparing pleadings incident to a lawsuit and managing a claim on a client's behalf. *See* TEX. GOV'T CODE ANN. § 81.101(a); *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.); *Jimison by Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ). A prison inmate, who is not a member of the State Bar, may not practice

3

law or otherwise represent another inmate. *See Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied); *see also Morris v. Flores*, No. 13-11-00675-CV, 2012 WL 3043097, at *3 (Tex. App—Corpus Christi July 26, 2012, pet. denied) (mem. op.). Johnson is not an attorney and he is not legally permitted to represent or otherwise file pleadings on another inmate's behalf. *See Paselk*, 293 S.W.3d at 606. Further, to the extent that the petition for writ of mandamus contains documentation that was prepared by Johnson, we consider such documentation a nullity.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2014.

4