

# NUMBER 13-16-00100-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RICHARD MIGUEL SANTOS-HERRERA,**          **Appellant,**

**v.**

**UNITED STATES OF AMERICA,**          **Appellee.**

---

## On Appeal from a Federal Order

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Richard Miguel Santos-Herrera, attempts to appeal an order signed on June 27, 2016 in cause number M-15-1404-01 in the United States District Court for the Southern District of Texas, McAllen Division. Upon receipt of the notice of appeal, the Clerk of this Court notified Santos-Herrera that it did not appear that this Court has jurisdiction over the appeal, so that steps could be taken to correct the defect, if it could

be done.   *See* TEX. R. APP. P. 37.1, 42.3.   The Clerk further notified Santos-Herrera that the appeal would be dismissed if the defect was not corrected after the expiration of ten days from receipt of the Court's notice.   Santos-Herrera did not file a response to this Court's notice.

In terms of appellate jurisdiction, each court of appeals has "appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs."   TEX. GOV'T CODE ANN. § 22.220 (West, Westlaw through 2015 R.S.).   In this case, the order subject to appeal originated from the United States Southern District Court rather than from a district or county court in our district.   We do not have jurisdiction to consider this appeal.   *See id.*; *see also Cuellar v. Livingston*, No. 03-13-00304-CV, 2013 WL 4516142, at *1 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.); *Jeffrey v. City of Mission*, No. 13-10-00660-CV, 2011 WL 1219471, at *1 (Tex. App.—Corpus Christi Mar. 31, 2011, no pet.) (mem. op. per curiam).

In so ruling, we note that the notice of appeal in this case was filed by Darlene Garcia, "Fiancé of Defendant," proceeding without the benefit of counsel.   Based on the face of the notice of appeal, Garcia is not a licensed attorney.   *See, e.g.*, TEX. R. CIV. P. 57 (requiring an attorney to sign pleadings with the attorney's State Bar of Texas identification number).   To practice law in Texas state courts, an individual must be a member of the State Bar of Texas and licensed by the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 81.101–.102 (West, Westlaw through 2015 R.S.); TEX. PEN. CODE ANN. § 38.123 (West, Westlaw through 2015 R.S.); *see Rabb Int'l, Inc. v. SHL Thai Food*

2

*Serv., LLC*, 346 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Crain v. The Unauthorized Practice of Law Comm, of the Sup.Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Garcia is not an attorney and she is not legally permitted to represent or otherwise file pleadings on another's behalf. *See* TEX. GOV'T CODE ANN. § 81.101–.102; *Crain*, 11 S.W.3d at 332–34. However, given our disposition of this appeal, we need not further address this issue herein. *See* TEX. R. APP. P. 47.1, 47.4.

The Court, having examined and fully considered the documents on file herein, is of the opinion that we lack jurisdiction over this appeal. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed this the
19th day of May, 2016.