

# Fourth Court of Appeals
## San Antonio, Texas

January 29, 2018

No. 04-18-00042-CV

Joseph **ESPARZA** and Volaire Jet Interiors, Inc.,
Appellants

v.

Chad F. **CHRISTIAN,**
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2017CV03128
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

The clerk's record has not been filed. In a motion for extension of time to file a notice of appeal on behalf of himself individually and on behalf of Volaire Jet Interiors, Inc., pro se appellant Joseph M. Esparza asserts the trial court signed a no-answer default judgment on October 12, 2017, and he filed a motion for new trial on November 9, 2017. Assuming these facts, Appellant's notice of appeal was due on January 10, 2018, *see* TEX. R. APP. P. 26.1(a), and a motion for extension of time to file a notice of appeal was due on January 25, 2018, *see id.* R. 26.3.

Appellant filed a notice of appeal in the trial court on January 24, 2018, and a motion for extension of time to file a notice of appeal in this court on the same day. *See id. See generally Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying a motion for extension of time in certain circumstances).

As required by Rule 26.3, Appellant filed a notice of appeal in the trial court within fifteen days after the deadline for filing a notice of appeal and filed in this court a motion for extension of time that complies with Rule 10.5(b). *See* TEX. R. APP. P. 26.3.

Appellant's motion for extension of time to file a notice of appeal is GRANTED. Appellant's notice of appeal is deemed timely filed.

Although "a document filed in court by a non-attorney purportedly on behalf of a corporation . . . may be effective for certain purposes, such as . . . perfecting appeal," *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210 (Tex. App.—Houston [14th Dist.] 2011, no pet.), we caution Appellants that "[c]orporations appearing in court may be represented only by a licensed attorney. A corporation that attempts to thwart this rule and have a non-attorney represent the corporation does so at its peril," *id.* at 211 (citation omitted); *see Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) ("Generally a corporation may be represented only by a licensed attorney . . . ."); *Sherman v. Boston*, 486 S.W.3d 88, 98 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("[A] non-attorney representative cannot appear for a [corporation] or present a case on its behalf. An attempt to do so has no legal effect." (citation omitted)).

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of January, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court