

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00111-CV

**QUALITY TRUCK PARTS, INC.
DBA WORLDWIDE DIESEL,**

                                                  **Appellant**

 **v.**

**CIRCLE K CONSTRUCTION, LLC,**

                                                  **Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 16-002605-CV-361

## MEMORANDUM OPINION

Circle K Construction, LLC, filed suit against Quality Truck Parts, Inc. d/b/a/ Worldwide Diesel (Worldwide Diesel) for breach of contract, violations of the DTPA, and breach of implied and express warranties. The trial court denied the special appearance of Worldwide Diesel. We affirm.

## Background Facts

Circle K entered into a contract with Worldwide Diesel to purchase a diesel engine. Circle K contends that the engine it received was damaged and that Worldwide Diesel misrepresented the condition of the engine. On October 11, 2016, Circle K filed its original petition. On November 8, 2016, Greg Ferrier, managing member of Worldwide Diesel filed a "Verified Response to Plaintiff's Original Petition." Circle K filed an amended petition, and again Ferrier filed a pro se "Verified Response to Plaintiff's Original Petition." Circle K filed a motion to strike Worldwide Diesel's answer and enter default judgment because Ferrier filed the response pro se. Worldwide Diesel through counsel filed a special appearance on January 17, 2017, and Circle K filed a response to the special appearance. The trial court denied Worldwide Diesel's special appearance.

## Special Appearance

In the first issue, Worldwide Diesel argues that the initial pro se filing was a special appearance rather than a general appearance. Generally, corporations may appear in court and be represented only by a licensed attorney. *Rhojo Enterprises, LLC v. Stevens*, 540 S.W.3d 621, 625 (Tex. App. — Beaumont 2018, no pet.); *Rabb International, Inc. v. SHL Thai Food Service, LLC*, 346 S.W.3d 208, 209 (Tex. App. —Houston [14th Dist.] 2011, no pet.). However, when considering answers filed by non-attorney corporate officers, appellate courts have gone to great lengths to excuse defects in answers to

prevent the entry of a default judgment. *Rhojo Enterprises, LLC v. Stevens*, 540 S.W.3d at 625. The Supreme Court of Texas has held that a non-attorney can perfect an appeal on behalf of a corporation. *See Kunstoplast of America, Inc. v. Formosa Plastics Corporation, USA*, 937 S.W.2d 455, 456 (Tex. 1996). A document filed in court by a non-attorney purportedly on behalf of a corporation is defective but not void, and may be effective for certain purposes. *Kelly v. Hinson*, 387 S.W.3d 906, 912 (Tex. App. — Fort Worth 2012, pet. den'd); *Rabb International, Inc. v. SHL Thai Food Service, LLC*, 346 S.W.3d at 210. We find that the "Verified Response" filed by Ferrier is not void.

Rule 120a of the Texas Rules of Civil Procedure provides:

> a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. A special appearance may be made as to an entire proceeding or as to any severable claim involved therein. Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; and may be amended to cure defects. … Every appearance, prior to judgment, not in compliance with this rule is a general appearance.

TEX. R. CIV. PROC. 120a. A party enters a general appearance, and so waives its special appearance, if the party invokes the judgment of the court on any question other than the court's jurisdiction or recognizes by its acts that an action is properly pending against it. *See Exito Electronics. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004).

Worldwide Diesel contends that the "Verified Response" filed by Ferrier was misnamed and that it complies with Rule 120a other than not being verified. The verified response states that Worldwide Diesel is a corporation in Michigan and does not have offices in any other states and does not conduct business in any other states. The response also states that there are several inconsistencies in Circle K's petition and that Worldwide does not agree with the allegations. Although the response does address jurisdiction, it argues that Texas is inconvenient rather than Worldwide is not amenable to process by the courts of Texas. The response appears to attempt to answer the petition by arguing that the allegations are incorrect. The response asks the trial court to dismiss the complaint. We find that the response filed by Ferrier is a general appearance. We overrule the first issue. Because of our disposition of the first issue, we need not address the second issue. TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed November 7, 2018
[CV06]

