

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00312-CV

---

TIMOTHY CASTLEMAN AND CASTLEMAN CONSULTING, LLC, APPELLANTS

V.

INTERNET MONEY LIMITED D/B/A THE OFFLINE ASSIST AND KEVIN O'CONNOR, INDIVIDUALLY, APPELLEES

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2020-540,788, Honorable Les Hatch, Presiding

---

June 4, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Tim Castleman and Castleman Consulting, LLC (Castleman) appeal from a final summary judgment denying their petition for a bill of review. Through it, they sought to set aside two separate final orders. Signed on December 29, 2019, the first awarded attorney's fees to Internet Money Limited d/b/a The Offline Assist and Kevin O'Connor, Individually (Money); it was made final through a severance order dated January 15, 2020. The second was a final judgment on the merits awarding damages to Money and

signed on March 2, 2020. Castleman alleged that they lacked notice of both the attorney's fee hearing and subsequent trial on the merits. The lack of notice purportedly entitled Castleman to a bill of review vacating the two decrees. The record illustrates (and no one disputes) that Castleman knew of the decrees early enough to timely move for their reconsideration. Furthermore, such motions were timely filed and overruled by operation of law.[1] Also undisputed is that no one filed a notice perfecting an appeal from either final order. Instead, Castleman allegedly sought legal counsel as the extended time period for undertaking an appeal ran. Castleman eventually obtained counsel in July of 2020. Through him, Castleman petitioned for a bill of review. That resulted in the litigants filing cross-motions for summary judgment. On November 30, 2020, the trial court granted that of Money and denied Castleman "all pending relief." Through two issues, Castleman asserts that the trial court erred. We address the first only for it is dispositive and affirm.

Castleman initially asserts that the "the District Court improperly granted summary judgment for Internet Money on Appellants' bill of review." Being an appeal from a summary judgment, we apply the standard generally used to review them. It is described in *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019).

Next, a bill of review is an equitable proceeding directly attacking a judgment no longer appealable or subject to a motion for new trial. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). Courts do not readily grant them "'[b]ecause it is fundamentally important in the administration of justice that some finality be accorded to judgments.'" *Valdez v. Hollenbeck,* 465 S.W.3d 217, 226 (Tex. 2015); *see Crouch v.*

---

[1] That is, Tim Castleman filed a pro se motion to rehear the fees order on January 17, 2020. The motion was filed on behalf of the "Petitioners," consisting of himself and the limited liability corporation. Again, acting pro se on behalf of the "Petitioners," Tim Castleman moved for a new trial on April 1, 2020.

*McGaw*, 134 Tex. 633, 138 S.W.2d 94, 96 (Tex. 1940) (noting that a bill of review requires "something more than injustice"). To obtain a bill, the petitioner normally must plead and prove 1) a meritorious claim or defense to the judgment, 2) which the petitioner was prevented from asserting by official mistake or by the opposing party's fraud, accident, or wrongful act, and (3) unmixed with any fault or negligence of his own. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751–52 (Tex. 2003). The proceeding being equitable in nature also obligates the petitioner to illustrate due diligence in pursuing all legal remedies available to attack the judgment in question. *Fulton v. State*, No. 07-07-0199-CV, 2008 Tex. App. LEXIS 5601, at *4 (Tex. App.—Amarillo July 23, 2008, no pet.) (mem. op.).

Perfecting a direct appeal is one such legal remedy. One neglecting to avail himself of that remedy is "'not entitled to resort to a court of equity for relief against the judgment.'" *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (quoting *Lynn v. Hanna*, 116 Tex. 652, 296 S.W.280 (Tex. 1927)); *Headifen v. Harker*, No. 03-16-00028-CV, 2017 Tex. App. LEXIS 8243, at *6–7 (Tex. App.—Austin Aug. 30, 2017, pet. denied) (mem. op.); *accord Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980) (stating that "[j]ust as a bill of review may not be used when one neglects to urge a motion for new trial or appeal when he has time to do so, a bill of review may not be used as an additional remedy after one has timely filed a motion to reinstate and a motion for new trial and has made a timely but unsuccessful appeal").

The record at bar illustrates that Castleman timely moved the trial court to rehear both its attorney fee order and final judgment. Filing those motions extended the date by which they had to perfect an appeal. TEX. R. APP. P. 26.1(a) (stating that a notice of

3

appeal must be filed within 30 days after the judgment is signed or 90 days after that if a party timely moved for a new trial). Yet, Castleman did not file a notice perfecting an appeal from either decree. Thus, they neglected to pursue an available legal remedy.

To justify their neglect and avoid its effect, they tell us they instead endeavored diligently to find legal counsel. So too are we told that Tim Castleman's status as a non-lawyer barred him from prosecuting the appeal on behalf of his corporation. Regarding the latter, it is odd that Tim's lay status did not preclude him from filing motions for rehearing and new trial on behalf of himself and the corporation. Indeed, he does not attempt to explain why he thought he could do that for the corporation but not perfect an appeal for it. Nevertheless, we agree that "[g]enerally a corporation may be represented only by a licensed attorney." *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996). Yet, that rule has limited exceptions. They involve performing ministerial tasks. That is, a non-lawyer may perform certain "ministerial task[s]" on behalf of the entity, one of which is perfecting an appeal. *Id.* (wherein the court approved of a non-lawyer depositing cash with a clerk in lieu of the cost bond then needed to perfect an appeal); *accord Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC,* 346 S.W.3d 208, 210 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (stating that "even though a non-attorney cannot represent a corporation, the Supreme Court of Texas has held that a non-attorney can perfect appeal on behalf of a corporation"); *see In re Envo Specialties LLC,* No. 09-18-00481-CV, 2019 Tex. App. LEXIS 2058, at *11 n.14 (Tex. App.—Beaumont Mar. 14, 2019, orig. proceeding)(per curiam) (observing the LLC's managing partner who was not an attorney but knew of the judgment could have filed a notice of appeal for the corporation); *Amron Props. LLC v. McGown Oil Co.*, No. 14-03-01432-CV, 2004 Tex.

4

App. LEXIS 2268, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 11, 2004, no pet.) (mem. op.) (stating that "[w]hile a non-lawyer corporate officer may perform a ministerial task necessary to perfect an appeal, . . . a corporation may be represented only by a licensed attorney in the prosecution of its appeal").[2]  The notice of appeal may be defective given the non-lawyer status of the person filing it.  *In re Envo Specialties LLC*, 2019 Tex. App. LEXIS 2058, at *11 n.14.  Yet, it is subject to amendment.  *Id.*  More importantly, it would serve to preserve an appellate remedy which could be prosecuted once legal counsel were obtained.[3]  Simply put, a legal remedy was available to Castleman.  They did not pursue it.

As for the justification concerning attempts to search for counsel, we do not see how that barred either Tim or the corporation from filing a timely notice as the search progressed.  Tim certainly had that authority to do so on his own behalf, and, as observed above, the authority to do it for the corporation.  And, again, we cannot ignore the undisputed evidence that Tim had no hesitance to act for himself and the corporation when it came to moving the trial court to rehear the two decrees.  Moreover, the record indicates that the two litigants actually had legal counsel for purposes of attacking the attorney's fee order.  Though counsel withdrew, they were represented during a period in which an appeal of that order could have been perfected.

---

[2] A non-lawyer may also file a motion for new trial for purposes of extending the appellant deadlines. *Rabb Int'l, Inc., LLC*, 346 S.W.3d at 210.  Various other ministerial acts which a non-lawyer may undertake for a corporation and their limited effect are discussed in *Kelly v. Hinson*, 387 S.W.3d 906 (Tex. App.—Fort Worth 2012 pet. denied).

[3] Of course, nothing prevented Tim Castleman from perfecting an appeal on his own behalf. Individuals as litigants are free to represent themselves pro se.

Simply put, forgoing the legal remedy of appeal warranted denial of the bill of review.  *See In re Envo Specialties LLC, supra.*  Consequently, we affirm the trial court's judgment.


                Brian Quinn
                Chief Justice