**Opinion issued November 9, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00343-CV

————————————

## HART CUSTOM HOMES, LLC, Appellant

## V.

## PALOMAR INVESTMENT GROUP, LLC, Appellee

———

### On Appeal from the 113th District Court
### Harris County, Texas
### Trial Court Case No. 2020-75861

———

### MEMORANDUM OPINION

This is an appeal from a post-answer default judgment. In four issues, appellant Hart Custom Homes, LLC ("Hart") contends that the trial court reversibly erred by (1) denying its request to vacate the trial court's default

judgment based on insufficient evidence and under *Craddock*;[1] (2) failing to vacate its severance order and default judgment because of an arbitration clause; and (3) severing appellee Palomar Investment Group's ("Palomar") claims against Hart.

We agree with Hart's first issue and reverse and remand.

## Background

Palomar contracted with Hart to build three townhomes for $590,000. When the project stalled, Palomar contacted Hart's principal, Keynan Dutton, for a project accounting and a timeline of the anticipated completion date. After Dutton failed to respond, Palomar sued Hart and Dutton for breach of contract, violations of the Texas Deceptive Trade Practices Act, and a declaratory judgment that Hart and Dutton misrepresented the completion timeframe of the project. Palomar sought actual damages, interest, court costs, and attorney's fees.

Acting pro se, Dutton answered for Hart, but not for himself. Palomar then moved for a default judgment claiming that Dutton never answered and that Dutton, who is not a licensed attorney, improperly answered for Hart.

At a subsequent hearing, the trial court informed Dutton that, since he was not an attorney, he could not represent Hart and it instructed Palomar to move to

---

[1] *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).

2

strike the answer that Dutton filed for Hart. The trial court also instructed Dutton to file an answer for himself and advised him to hire an attorney.

Dutton subsequently filed an answer for himself. And Palomar moved to strike Hart's answer, which the trial court granted.

Shortly thereafter, Palomar moved for a default judgment solely against Hart this time seeking damages of $352,105.79, interest, and attorney's fees of $5,749.49. Attached to Palomar's new motion was the parties' contract, a spreadsheet of damages, an affidavit by Donovan Campbell, the executive vice president of Palomar, a spreadsheet and invoice of attorney's fees, and affidavits of Palomar's attorneys, Donald Sepolio and Mark Sonnier.

Hart and Dutton did not appear at the default judgment hearing. And Palomar did not offer any evidence to be admitted during the hearing.

After the hearing, Palomar filed an Amended Motion for Award of Damages that included a contract with another contractor, Buildtechz Construction, to complete the three townhomes for $280,000. The trial court then signed an interlocutory order granting Palomar's motion for a default judgment against Hart and awarding Palomar the amounts it requested—$352,105.79 in actual damages, and $5,749.49 in attorney's fees.

Hart and Dutton filed a motion to set aside the default judgment. And Palomar moved to sever its claims against Dutton. Hart argued in the motion to set

3

aside that, among other things, the default judgment had to be vacated because Palomar offered no evidence to prove its case against Hart, as required for a post-answer default. Palomar focused its response on the *Craddock* factors, but did not refute Hart's argument that there was no evidence to support the post-answer default judgment.

The trial court denied the motion to set aside and severed Palomar's claims against Dutton—creating a final judgment against Hart.[2] Hart now appeals from that judgment.[3]

## Default Judgment

In its first issue on appeal, Hart argues that the trial court reversibly erred in granting the post-answer default judgment because Hart answered the case, albeit defectively, and therefore Palomar had to prove its case in the trial court—which it failed to do.

---

[2] Upon the signing of the severance order, the June 25, 2021 default judgment against Hart became final because it merged into the severance order, which finally disposed of all remaining parties and claims in the severed suit. *Harris Cnty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (per curiam) (severance of adjudicated claim into new cause creates final judgment for new cause if severance "dispose[s] of all parties and issues in that [severed] cause"); *Wright v. Texas Comm'n on Hum. Rights*, No. 03-03-00710-CV, 2005 WL 1787428, at *1 (Tex. App.—Austin July 27, 2005, pet. denied) (mem. op.) (when severance order creates final judgment in suit, prior interlocutory judgments in suit merge into severance order to form final judgment).

[3] After this appeal was perfected, the trial court signed an order granting Hart's and Dutton's motion to compel arbitration and to stay the underlying case. Palomar never appealed that order. As a result, it not properly before this Court.

4

## A. Standard of Review and Applicable Law

Generally, two types of default judgments are recognized under Texas law—a no-answer default judgment and a post-answer default judgment. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183–84 (Tex. 2012); *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). A no-answer default judgment is "caused by a defendant's failure to answer after service." *Paradigm Oil*, 372 S.W.3d at 183; *see also* TEX. R. CIV. P. 239. "[T]he non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil*, 372 S.W.3d at 183 (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984)).

Consequently, "[w]hen a no-answer default judgment is rendered, the defendant's liability for all causes of action pled is conclusively established and all allegations of fact in the petition, except the amount of unliquidated damages, are deemed admitted." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 72 (Tex. App.—San Antonio 2007, pet. denied). Stated another way, "[i]n a no-answer default context, judgment can be entered on the pleadings alone, and all

5

facts properly pled are deemed admitted." *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.).[4]

By contrast, a post-answer default judgment "occurs when a defendant who has answered fails to appear for trial." *Lerma*, 288 S.W.3d at 925. "In the latter instance, a post-answer default 'constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer.'" *Paradigm Oil*, 372 S.W.3d at 183 (quoting *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). "Because the merits of the plaintiff's claim remain at issue, judgment cannot be rendered on the pleadings, and the plaintiff must prove its claim." *Id.*

A trial court's decision to overrule a motion to set aside a default judgment and grant a new trial is subject to review for abuse of discretion. *Lerma*, 288 S.W.3d at 926; *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 536 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or when it acts without reference to any guiding rules or principles. *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Accordingly, a trial court abuses its discretion when it makes a ruling that is supported by no evidence. *See Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58.

---

[4] "[N]o evidence is necessary to support a no-answer default judgment because the defendant's failure to answer is taken as admitting the allegations of the petition." *Williams v. Williams*, 150 S.W.3d 436, 446 (Tex. App.—Austin 2004, pet. denied) (citing *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992)).

(Tex. 1986); *see also Loya v. Loya*, No. 14-12-00385-CV, 2013 WL 830940, at \*1 (Tex. App.—Houston [14th Dist.] Mar. 5, 2013, no pet.) (mem. op.).

We review the sufficiency of the evidence supporting a post-answer default judgment under the same standards of review governing the sufficiency of the evidence at a contested trial. *See Tex. G & S Invs., Inc. v. Constellation Newenergy, Inc.*, 459 S.W.3d 252, 257 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

We must consider the evidence in the light most favorable to the finding and indulge every reasonable inference that supports the challenged finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). And we credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827. "[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

**B. Analysis**

Here, the record shows that an answer was filed for Hart by its principal, Dutton, a non-attorney. As correctly pointed out by Palomar below, Dutton could not file an answer on behalf of Hart. *See Rabb Int'l, Inc. v. SHL Thai Food Serv.,*

7

*LLC*, 346 S.W.3d 208, 209 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (stating, "Corporations may appear in court and be represented only by a licensed attorney").

But, an "answer" filed by a non-lawyer corporate officer, although "defective", is not void and thus is sufficient to constitute an answer for default-judgment purposes. *Id.* at 210 ("[A] document filed in court by a non-attorney purportedly on behalf of a corporation is defective but not void, and may be effective for certain purposes, such as avoiding a default judgment and perfecting appeal").[5] A default judgment after such an answer is filed must therefore follow the requirements for a post-answer default judgment. *See id*.

Consequently, before the trial court could properly enter a post-answer default judgment for Palomar, Palomar had to "prove all aspects of [his] claim" against Hart. *Lerma*, 288 S.W.3d at 930. In that regard, it is settled that a judgment after a post-answer default "cannot be entered on the pleadings, but, rather, a

---

[5]    *See also Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715–17 (Tex. App.—Austin 2005, no pet.) (Because "[c]ourts have repeatedly held that due process requires that a party be given notice of a lawsuit and an opportunity to be heard" and defendant—corporation filed pro se letter with court that constituted answer, defendant was entitled to notice and hearing on post-answer default judgment); *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 n.5 (Tex. App.—Dallas 2003, no pet.) ("An answer filed on behalf of a corporation by a non-attorney is sufficient to prevent a default judgment."); *Wuxi Taihu Tractor Co. v. York Grp., Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *9 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied) (mem. op.) ("[A] non-attorney's answer on behalf of a corporation, although defective, prevents the trial court from granting a default judgment against the corporation.").

plaintiff must offer evidence and prove his case as in a judgment on trial." *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Here, the record shows that the trial court asked Palomar about damages at the default judgment hearing. And Palomar responded by explaining how the parties had entered into a contract and that Hart did not complete the townhomes. Palomar also explained that the parties' contract and other supporting documents were attached to his motion for default judgment.

But Palomar called no witnesses to testify and offered no documents as evidence at the default judgment hearing. *See Guerinot v. Wetherell*, No. 01-12-00194-CV, 2013 WL 2456741, at *5 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (mem. op.) (documents attached to pleadings are not evidence unless they are offered and admitted as evidence by trial court).[6] As a result, the trial court stated at the end of the hearing that "I will have to take the damages under advisement because I don't see an affidavit that clearly shows—that lays out the damages in this case."

Indeed, because no evidence was admitted at the default judgment hearing to support Palomar's claims against Hart, there is no legally sufficient evidence

---

[6] *See also Ugwa v. Ugwa*, No. 05-17-00633-CV, 2018 WL 2715437, at *2 (Tex. App.—Dallas June 6, 2018, no pet.) (mem. op.) (citing *Nelson v. Neal*, 787 S.W.2d 343, 346 (Tex. 1990) ("Exhibits tendered but not admitted into evidence are not part of the record and cannot be considered on appeal.")).

supporting the post-answer default judgment in this case. *See Sharif*, 135 S.W.3d at 873 (reversing post-answer default judgment in sworn account suit, when verified answer was filed, and no record was made to show that any evidence to support judgment was admitted).[7] As a result, we must reverse and remand. *See Lerma*, 288 S.W.3d at 930 (holding that proper disposition is to reverse and remand case involving post-answer default judgment supported by legally insufficient evidence).

We therefore sustain Hart's first issue.[8]

---

[7] *See Raines v. Gomez*, 143 S.W.3d 867, 869 (Tex. App.—Texarkana 2004, no pet.) (reversing post-answer default judgment because plaintiff did not present any evidence to prove case); *Maldonado v. Puente*, 694 S.W.2d 86, 90 (Tex. App.—San Antonio 1985, no writ) (post-answer default set aside in suit on a note, when no evidence was admitted at trial).

[8] Because we have sustained Hart's first issue, it is not necessary to address Hart's remaining issues. *See* TEX. R. APP. P. 47.1.

10

## Conclusion

Based on the record before us, we sustain Hart's first issue and reverse the trial court's post-answer default judgment in all things and remand this case to the trial court for further proceedings consistent with this opinion.


Terry Adams
Chief Justice


Panel consists of Chief Justice Adams and Justices Hightower and Countiss.