**Affirmed and Opinion filed May 9, 2013.**



In The

**Fourteenth Court of Appeals**

NO. 14-11-00783-CV

**JASON FELT, CANARY FINANCIAL, INC., JONATHAN WASSSERBERG, AND WASSERBERG INVESTMENTS, INC., Appellants**

**V.**

**COMERICA BANK, Appellee**

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2009-50665**

**O P I N I O N**

In this suit to collect on a debt, the trial court rendered a no-answer default judgment against one defendant and a post-answer default judgment against three additional defendants. On appeal, the defendants contend that the trial court erred in failing to grant their respective motions for new trial. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Comerica Bank loaned $5 million to Waterhill Companies Limited, evidenced by a promissory note and partially secured by liens on real property. In addition, Jason Felt and Jonathan Wasserberg executed a guaranty in which each agreed to be jointly and severally liable for the debt. After Waterhill defaulted and Felt and Wasserberg failed to pay the debt, Comerica foreclosed on the properties. After crediting the sales price against the unpaid principal and interest, a deficiency of $1,153,341.00 remained.

Comerica sued Waterhill, Felt, Wasserberg, and Waterhill's general partners Canary Financial Inc. ("Canary")[1] and Wasserberg Investments, Inc. ("WII")[2] to collect the deficiency and attorney's fees. Waterhill's attorney answered the suit. Acting pro se, Felt filed an answer to the suit on behalf of himself and as Canary's managing member. Wasserberg also filed a pro se answer, but WII did not answer the suit.

Only Comerica Bank appeared at the nonjury trial on the merits. On April 21, 2011, the trial court rendered a no-answer default judgment against WII and post-judgment default judgments against the remaining defendants. All four defendants were held jointly and severally liable for $1,324,808.90 in damages, $180,000.00 in attorney's fees through the date of judgment, and $30,000.00 in additional attorney's fees in the event of unsuccessful appeals.

After the judgment was rendered, Felt and Canary hired an attorney and filed a motion for new trial based on Felt's lack of notice of the trial setting. In their motion, they asserted that their addresses on file with the trial court were incorrect. They did not contend that they did not receive timely notice of the default

---

[1] This party is also identified in the record as Canary Financial LLC.

[2] This company is sometimes identified as Wasserberg Investment, Inc.

2

judgment. Acting on his own behalf and purportedly on behalf of Waterhill and WII, Wasserberg filed a motion adopting Felt's motion for new trial. In his motion, Wasserberg asserted that he "did not receive proper notice of the default judgment." The record does not show that the parties ever set either motion for a hearing, whether live or by submission, and both motions were overruled by operation of law.

On September 1, 2011, a notice of appeal was filed on behalf of Felt, Canary, Wasserberg, and WII.[3] We notified the parties of our intent to dismiss the appeal as untimely, and appellants responded by invoking Texas Rule of Civil Procedure 306a, which specifies the conditions under which the date on which a party learns of a judgment can be treated as the date of judgment against that party. We therefore abated the appeal and remanded the case for the trial court to determine the date on which the appellants first received notice or actual knowledge that the judgment was signed. After an evidentiary hearing, the trial court found that on May 19, 2011, Felt, Canary, Wasserberg, and WII first received notice or actual knowledge of the trial court's final judgment; thus, their notice of appeal was due on August 17, 2011. No one contests the trial court's finding that that the defendants first learned of the judgment on May 19, 2011, but all of the parties before us in this appeal have attempted to rely on a transcript of that hearing to establish other matters. We do not consider this evidence because it was not before the trial court when the motion for new trial was overruled by operation of law. *See In re S.M.V.*, 287 S.W.3d 435, 449 n.10 (Tex. App.—Dallas 2009, no pet.) ("[W]e consider only the evidence before the trial court at the time it

---

[3] Although the original notice was filed only on behalf of Felt and Canary, the docketing statement and the parties' appellate briefs included Wasserberg and WII as appellants, and we granted the appellants' motion to amend the notice of appeal to include these defendants. *See Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam). Waterhill has not appealed.

made the decision complained of.").

A motion for extension of time to appeal is necessarily implied if the notice of appeal is filed within 15 days of its due date,[4] but a party still must file such a motion to offer a reasonable explanation to support the late filing.[5] We accordingly ordered the appellants to file a motion for extension of time within ten days. They did not do so, and we dismissed the appeal on June 19, 2012; however, we subsequently granted their motion for rehearing, withdrew our opinion, vacated our judgment, and reinstated the appeal.

In the sole issue presented for our review, the appellants assert that they are entitled to a new trial on due-process grounds because they did not have notice of the trial setting.

## II. ANALYSIS

To set aside a default judgment, a defendant usually must establish the three factors set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). These are that (1) the failure to answer or appear was not intentional or the result of conscious indifference but was due to accident or mistake, (2) the defendant has a meritorious defense, and (3) the motion for new trial has been filed at a time when granting it will occasion no delay or otherwise work an injury to the plaintiff. Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff.

A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by

_____

[4] *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

[5] *Miller v. Greenpark Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

the defendant and the factual assertions are not controverted by the plaintiff. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam)). If a post-answer default judgment is rendered against a defendant who had no notice of the trial setting, the defendant is not required to address the second *Craddock* factor; however, we presume that the trial court will hear a case only when notice has been given to the parties. *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). We accordingly begin with a presumption that a defendant had notice of the trial court setting. To overcome this presumption, the defendant must affirmatively show his lack of notice. *Id.* "This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice." *Id.* at 772.

A motion for new trial is a prerequisite to an appellate "complaint on which evidence must be heard such as . . . failure to set aside a judgment by default." Tex. R. Civ. P. 324(b)(1); *Felt v. Harris County*, No. 14-12-00327-CV, 2013 WL 1738604, at *4 (Tex. App.—Houston [14th Dist.] Apr. 23, 2013, no pet. h.) (mem. op.). We review the denial of a motion for new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009) (per curiam) (citing *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987)). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

## A.    No-Answer Default Judgment

WII challenges the no-answer default judgment against it; however, the record does not show that WII's arguments were preserved in the trial court.

Although Wasserberg purported to act on WII's behalf in adopting Felt's motion for a new trial, a corporation generally may be represented only by a licensed attorney. TEX. R. CIV. P. 7; *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam). *See also Dell Dev. Corp. v. Best Indus. Unif. Supply Co.*, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied) (affirming denial of motion for new trial and explaining that "where a corporation chooses to represent itself through a non-attorney officer, it does so at its own risk"). Because Wasserberg is not an attorney, he could not represent WII. *See Custom-Crete, Inc. v. K-Bar Services, Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) (a non-attorney does not have a right to object, on a corporation's behalf, to a lack of notice). He therefore could not preserve error for WII by moving for a new trial on its behalf. *See Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (explaining that allowing a non-attorney to preserve appellate error with a motion for new trial "would fail to impose any adverse consequences on the corporation for its attempt to have a non-attorney represent it in court"). The trial court accordingly did not abuse its discretion in failing to grant WII a new trial. *See id.* at 211.

## B.    Post-Answer Default Judgment

### 1.    *Jason Felt*

Although Felt's attorney filed a motion for new trial, the motion does not support his appellate argument that he had no notice of the trial setting. Felt attested that he "was not given *proper* notice of this *lawsuit* before it was called to trial." (emphasis added). Clearly, however, he did have notice of the lawsuit before it was called to trial because he filed an answer on behalf of himself and Canary. The strongest statement in his affidavit suggesting that he lacked notice of

the trial setting (rather than of the lawsuit) was as follows:

> The last conversation I had about this case was in February or March. I spoke with Hunter Barrow, the lawyer for Comerica. Mr. Barrow wanted a continuance. I agreed, and I thought that we would be continued until August. I don't know if we were given an actual continuance or whether we were just not reached for trial that setting. But I had no knowledge of the April 21, 2011 trial setting.

This case had been set for trial on February 7, 2011. Felt's statement that he does not know whether the case was continued, and his unexplained statement that he "thought that we would be continued until August," gave the trial court no reason to conclude that the failure to appear was due to accident or mistake rather than conscious indifference. *Cf. Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 575–76 (Tex. 2006) ("We agree that a conclusory statement that documents were 'lost' must generally be supported by some explanation from the person most likely to have seen them, or of the efforts made to find them.").

Although Felt also stated that he "had no knowledge of the April 21, 2011 trial setting," the record does not show that the case *was* set for trial at that time. To the contrary, the appellants stated in their brief that the case was reset for the two-week period beginning April 11, 2012. This is supported by the docket sheet in the clerk's record, which also shows that the case was set for trial on April 11, 2011. Although the case may not have been reached until ten days later, Felt does not deny that he had actual notice of the April 11, 2011 trial setting.

Felt also attested that "the address that the Court has for me is incorrect." Felt attached to the motion an unofficial copy of an unidentified document that may be an envelope with a return address to the Harris County District Clerk. It bears a mechanical stamp dated "05/05/11"—more than three weeks after the trial setting—with the notation "Return to Sender; Not Deliverable as Addressed;

Unable to Forward."[6]  No addressee appears on the document; thus, this document proves nothing.

Finally, the record does not indicate that Felt (or any other defendant) ever attempted to set the motion for new trial for hearing or submission.  When a motion for new trial requires the judge to exercise his discretion, the judge must have an opportunity to exercise that discretion before that discretion can be abused. *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dall.*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ).  Because we start with the presumption that a movant received proper notice, when a movant alleges that he had no notice of the trial setting, he must prove the lack of notice.  In order to do so, he must obtain a hearing on his motion.  *See Pinole Vall. Trucking, Inc. v. Tex. Dev. Co.*, No. 01-08-00599-CV, 2009 WL 1025750, at *5 (Tex. App.—Houston [1st Dist.] Apr. 16, 2009, no pet.) (mem. op.); *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Shamrock Roofing Supply, Inc.*, 703 S.W.2d at 357–58 (Tex. App.—Dallas 1985, no writ).

Because Felt's motion and evidence were facially insufficient and because he failed to obtain an evidentiary hearing to prove his lack of notice, we affirm the judgment against Felt.

### 2.    *Canary Financial*

Felt and Canary were represented by the same attorney, and the same motion for new trial was filed on behalf of them both.  In the motion, it is asserted that both Felt and Canary "have incorrect addresses on file with this Court," but there is no assertion or evidence that Canary was not notified of the trial setting in this case, and Canary has presented no other basis for reversal.  We accordingly affirm

---

[6] These statements originally appeared in all capital letters on separate lines.

the judgment against Canary.

### 3. *Jonathan Wasserberg*

Wasserberg filed a document in the trial court in which he adopted the motion for new trial filed on behalf of Felt and Canary. In that document, Wasserberg additionally asserted that he "did not receive proper notice of the default judgment"; however, neither the document filed by Wasserberg nor the motion for new trial that he adopts contains any assertion or evidence that Wasserberg was not notified of the trial setting. Because Wasserberg has presented no other argument for reversal, we affirm the judgment against him.

## III. CONCLUSION

Because Wasserberg Investments, Inc. failed to preserve its complaint for appeal, and Felt, Canary, and Wasserberg have failed to overcome the presumption that they had notice of the trial setting, we affirm the trial court's judgment.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Jamison, and McCally.