**Affirmed and Majority and Concurring Memorandum Opinions filed December 10, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00599-CV

---

## IN THE INTEREST OF B.M., M.L., AND A.A.C., CHILDREN

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2012-02208J**

---

## CONCURRING MEMORANDUM OPINION

I agree with the result in this case but write separately to address several points.

First, I would not address the sufficiency of the evidence under Texas Family Code section 161.001(1)(N). Appellant failed to address all grounds to support termination and therefore, as noted by the majority, she waived this point on appeal. *See Toliver v. Tex. Dep't of Family & Protective Servs*., 217 S.W.3d

85, 102–03 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Second, part of the majority's analysis refers to fraud claims made by appellant in her motion for new trial, not those raised before or during trial. I do not believe that we should address factual claims made in a motion for new trial when appellant fails to present that evidence to the trial judge by getting a hearing on the motion for new trial. *See Felt v Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (op. on reh'g).

Third, because Appellant failed to get a hearing on her motion for new trial where she raised the issue of ineffective assistance of counsel, we have no basis on which to conclude that trial counsel was ineffective. When the record is silent as to the reasons for counsel's actions, we may not speculate to find trial counsel ineffective. *P.W. v Dep't of Family & Protective Servs.*, 403 S.W.3d 471, 476 (Tex. App.—Houston [1st Dist.] 2013, pet. dism'd w.o.j.); *In re K.M.H.*, 181 S.W.3d 1, 7 n.1 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We should not consider the affidavit of appellant or her new exhibits when deciding this issue.

On a few occasions, the trial record itself may support a claim of ineffective assistance of counsel, but there is nothing in this trial record to support such a claim. *See In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (per curiam). In order to consider the claims that counsel failed to meet with appellant, failed to ask for a continuance to obtain a witness's presence, and failed to offer evidence and call other witnesses, we need a record. And trial counsel must be given an opportunity to rebut the claims made by the appellant in her affidavit. I would not address in our opinion any of the claims made by appellant in her affidavit, nor would I speculate that any failure by trial counsel was harmless.

While some courts have abated the case to hold a hearing on the motion for new trial, those abatements occurred under an old statutory scheme for appeals in

2

parental-termination cases. *See In re V.V.*, 349 S.W.3d 548 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (op. on reh'g en banc). Here appellate counsel made an appearance even before the final judgment was rendered and was able to file a timely motion for new trial. Counsel should get a hearing on the motion for new trial in order to properly present new evidence relating to a claim of ineffective assistance.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Donovan, and Brown (Brown, J. majority).