**Affirmed and Memorandum Opinion filed June 25, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00099-CV

## IN THE MATTER OF THE MARRIAGE OF ANDRZEJ ADAMSKI AND OKSANA ADAMSKI

**On Appeal from the 328th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCV-199667**

## M E M O R A N D U M   O P I N I O N

Andrzej Adamski appeals from the final decree of divorce dissolving his marriage to Oksana Adamski. In three issues, Andrzej contends that the trial court abused its discretion by (1) ordering Andrzej to make monthly child support payments above statutory guidelines, (2) ordering a division of the marital estate and awarding attorney's fees that did not conform to the parties' premarital agreement, and (3) refusing to set aside a default judgment. Because the record does not support Andrzej's contentions, we affirm.

## *Background*

Andrzej and Oksana were married in 1999 and have one minor child together. Andrzej filed his Original Petition for divorce in July 2012, and Oksana filed an answer and counter-petition. According to the Final Decree of Divorce, a jury trial was held from May 12 to May 19, 2015, and the trial judge heard remaining issues from October 12 to October 14, 2015.[1] Andrzej was represented by counsel during the jury trial but represented himself during the bench trial. Oksana was represented by counsel throughout the proceedings below.[2] An amicus attorney was also appointed by the court and participated in both phases of the trial. According to Andrzej, he failed to appear on the third day of the bench trial, and the trial court entered a default judgment against him. Andrzej has not filed a reporter's record in this appeal, but the trial court's docket sheet reflects that he failed to show on the third day of the bench trial, which proceeded in his absence.

On November 13, 2015, Andrzej filed a motion requesting a continuance or, in the alternative, a new trial. In this motion, Andrzej suggested that he had missed the third day of the bench trial due to a medical emergency brought on by the stress of the proceedings. He further alluded to potential physical abuse of the child by the mother. In support, Andrzej attached to the motion photographs of the child with what appears to be a medical walking boot on her foot as well as a police report. According to the record, no hearing on the motion was requested or conducted, and the trial court made no express ruling.

In its final decree entered February 2, 2016, the trial court, among other things,

---

[1] The record on appeal does not contain the jury charge or the reporter's record, and it is not entirely clear which issues were tried to the jury and which were tried to the bench. Andrzej filed an affidavit of indigency, seeking a free reporter's record, Oksana contested the request, and the trial court sustained the contest.

[2] Conversely, on appeal, Andrzej is represented by counsel and Oksana is not.

appointed Andrzej and Oksana as joint managing conservators of their child and named Oksana as the parent with the exclusive right to designate the child's primary residence. The court further ordered that the social security benefits Andrzej receives be transferred to Oksana as custodial parent, and if Andrzej "is not receiving social security disability payments for the child," the court ordered him to pay child support of $750 per month.[3] The court additionally awarded certain property and accounts to Andrzej and certain property and accounts to Oksana, including, for Oksana, real property in Polk County, Texas. The court further awarded Oksana a judgment of $9,900 for fraud on the community by Andrzej, and the court ordered Andrzej to pay Oksana's attorney's fees, expenses, and costs incurred in the lawsuit, which the court determined to be $30,000.

### *Child Support*

In his first issue, Andrzej contends that the trial court erred in ordering him to pay above guideline child support without entering the requisite findings in support of the order. Generally, child support is calculated by applying statutory guidelines to the obligor's monthly net resources. *See* Tex. Fam. Code § 154.062(a); *In re Marriage of Butts*, 444 S.W.3d 147, 153 (Tex. App.—Houston [14th Dist.] 2014, no pet.). For one child, the guidelines provide that child support should equal twenty percent of the obligor's net resources. Tex. Fam. Code § 154.125(b). The trial court may deviate from the guidelines if evidence rebuts the presumption that application of the guidelines is in the best interest of the child. *Id*. § 154.123. If the guidelines are not followed, a trial court must make specific findings as to (1) the net resources of the obligor and the obligee, (2) the percentage applied to the obligor's net resources, and (3) if applicable, the specific reasons for the deviation from the

---

[3] The exact nature of the referenced social security benefits is not clear from the record presented.

guidelines. *Id*. § 154.130(a)(3), (b); *Butts*, 444 S.W.3d at 153.

In support of his contention that the trial court deviated from the statutory guidelines, Andrzej points to his tax returns for the three year period prior to trial, which he had attached to his inventory and appraisement of property filed with the trial court. Andrzej argues that the trial court erred in not using the returns to establish his net resources. As mentioned above, however, the appellate record does not contain a reporter's record for either the jury portion of the trial or the bench proceedings. Consequently, we are unable to tell whether the referenced tax returns were admitted into evidence at trial. We are further unable to determine whether any other evidence regarding Andrzej's net resources was admitted. In the absence of such information, we are unable to determine whether the trial court deviated from the statutory guidelines, and we further cannot say that the trial court erred in failing to make the findings required when a court so deviates. In fact, in the absence of a reporter's record, we presume that the evidence at trial supported the trial court's determination regarding the amount of child support. *See, e.g., Allen v. Porter*, No. 01-16-00823-CV, 2017 WL 2255751, at *3 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet. h.) (mem. op.) (and cases cited therein). Because the record does not support Andrzej's contentions, we overrule his first issue.

### *Division of Marital Estate and Attorney's Fees*

In his second issue, Andrzej contends that the trial court erred in ordering a division of the marital estate and awarding attorney's fees that did not conform to the parties' premarital agreement. According to Andrzej, the parties entered into a premarital agreement that, among other things, (1) identified real property in Livingston, Texas as his separate property, (2) provided that the couple's joint accounts would be divided equally upon dissolution of the marriage, and (3) contained an agreement that neither party would provide support to the other upon

dissolution of the marriage. In support, he cites a copy of a purported agreement filed in the clerk's record. Andrzej asserts that the trial court violated each of these provisions in the final judgment, by (1) awarding the lot in Livingston to Oksana,[4] (2) awarding over half of the funds in the joint accounts to Oksana, and (3) ordering Andrzej to pay Oksana's attorney's fees.

Texas law recognizes the general enforceability of premarital agreements. *See generally* Tex. Fam. Code §§ 4.001-.010 (Uniform Premarital Agreement Act); *Beck v. Beck*, 814 S.W.2d 745, 749 (Tex. 1991). Such agreements are presumptively valid but may be determined to be unenforceable if not voluntarily signed or unconscionable. *See* Tex. Fam. Code § 4.006(a); *Sheriff v. Moosa,* No. 05-13-01143-CV, 2015 WL 4736564, at *4 (Tex. App.—Dallas Aug. 11, 2015, no pet.) (mem. op.) (citing *Marsh v. Marsh*, 949 S.W.2d 734, 739 (Tex. App.—Houston [14th Dist.] 1997, no writ)).

As with Andrzej's first issue, because he did not provide this court with a reporter's record of the proceedings below, we cannot determine whether the alleged premarital agreement was introduced into evidence during either the jury portion of the trial or the bench portion. We further cannot tell whether Oksana presented any evidence regarding unconscionability or whether she signed the agreement involuntarily. In the absence of a reporter's record, we presume the evidence at trial supports the trial court's judgment. *See, e.g., Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *SunTrust Bank v. Flanagan*, No. 14-13-00756-CV, 2014 WL 6998099, at *3 (Tex. App.—Houston [14th Dist.] Dec. 11, 2014, no pet.) (mem. op.). Accordingly, we overrule Andrzej's second issue.

---

[4] Andrzej represents that this is the same Polk County property the trial court awarded to Oksana. Nothing in the appellate record supports this assertion.

***Motion for New Trial***

In his third issue, Andrzej asserts that the trial court erred in denying his motion for new trial because he satisfied his burden under *Craddock v. Sunshine Bus Lines, Inc.*, which provides the standards for granting a new trial after a default judgment. 133 S.W.2d 124 (Tex. 1939); *see also Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam) (explaining that *Craddock* applies to both no-answer and post-answer default judgments).[5] Andrzej, however, waived the arguments in his motion for new trial by not requesting a hearing or otherwise bringing them to the attention of the trial court.

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Lerma*, 288 S.W.3d at 926. This standard also applies when, as here, the motion is overruled by operation of law. *H & H Wrecker v. Koctar*, No. 14-15-00311-CV, 2016 WL 3634258, at *2 (Tex. App.—Houston [14th Dist.] July 7, 2016) (mem. op.), *opinion supplemented on denial of reh'g*, No. 14-15-00311-CV, 2016 WL 7108243 (Tex. App.—Houston [14th Dist.] Dec. 6, 2016, no pet.) (mem. op.). When a motion for new trial raises a complaint that requires the presentation of

---

[5] It is not entirely clear from the record presented whether the trial court's final decree was in fact a default judgment. The final decree itself makes no reference to being a default judgment or to Andrzej failing to appear for part of the trial. Andrzej represents, and the trial court's docket sheet reflects, that he failed to appear on the afternoon of the second day of the trial to the bench, October 14, 2015, after having participated in the jury and bench portions of the trial up to that point. The docket sheet further reflects that evidence closed that afternoon and the trial judge granted the divorce (perhaps based on the earlier jury findings), but the remaining issues were "taken under advisement." Thereafter, according to the docket sheet, on February 2, 2016, the trial court heard arguments in the case and then signed the final decree. The docket sheet reflects that Andrzej appeared for this final part of the proceedings, but it does not reveal the nature or the subject of the arguments the court purportedly heard. Regardless, such docket sheet entries are generally not considered a part of the record that we can reliably consider on appeal; they are merely memorandum made for the convenience of the judge and clerk. *See, e.g., In re Hamill*, No. 14-16-00574-CV, 2016 WL 4705779, at *2 (Tex. App.—Houston [14th Dist.] Sept. 8, 2016, orig. proceeding) (mem. op.). There is, in fact, nothing in the reviewable portion of the record to establish that the judgment appealed from was a default judgment.

evidence and an exercise of discretion, the movant must request a hearing, present evidence, and obtain a ruling. *Id*. In such cases, there can be no abuse of discretion if the movant fails to call its motion to the attention of the trial court and instead allows it to be overruled by operation of law. *Id*.; *Felt v. Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.). This is particularly true in cases where the defendant's motion is based on *Craddock*.[6] *See $7826 v. State*, No. 03-16-00089-CV, 2016 WL 4628053, at *2-3 (Tex. App.—Austin Aug. 31, 2016, pet. filed) (mem. op.) (holding movant for new trial waived argument under *Craddock* by failing to request a hearing on the motion so that the trial court could exercise its discretion).

Here, the record does not reflect that Andrzej requested or obtained a hearing on his motion or that the court made an express ruling on the motion; the motion, therefore, was overruled by operation of law. Accordingly, there was no abuse of discretion by the trial court. *See $7826*, 2016 WL 4628053, at *2-3; *H & H Wrecker*, 2016 WL 3634258, at *2; *Felt*, 401 S.W.3d at 808. We overrule Andrzej's third issue.[7]

---

[6] Under *Craddock*, a trial court abuses its discretion by not granting a new trial after a default judgment when the defendant establishes (1) the defaulting party's failure to appear was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defaulting party has a meritorious defense or claim, and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. *Lerma*, 288 S.W.3d at 925–26 (citing *Craddock*, 133 S.W.2d at 126).

[7] We further note that even had Andrzej preserved this issue for our review, he failed to meet his burden of presenting any evidence necessary to establish the three *Craddock* elements. *See Evans v. Linares*, No. 14-14-00468-CV, 2015 WL 1874232, at *3 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, pet. dism'd w.o.j.); *Onwubuche v. Olowolayemo*, No. 01–10–00945–CV, 2012 WL 1067950, *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.). Andrzej asserts that a medical emergency prevented his appearance at trial and thus his failure to appear was not intentional or the result of conscious indifference but was due to a mistake or accident, as required under *Craddock*'s first element. *See Lerma*, 288 S.W.3d at 925–26. Andrzej, however, provided no evidence in support of his claim that a medical emergency prevented his appearance. Accordingly, the trial court would not have abused its discretion had it expressly

We affirm the trial court's judgment.[8]

/s/    Martha Hill Jamison
Justice

Panel consists of Justices Christopher, Jamison, and Donovan.

---

denied the motion for new trial. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *In re S.H.*, No. 02–16–00095–CV, 2017 WL 710635, at *5 (Tex. App.—Fort Worth Feb. 23, 2017, no pet.) (mem. op.).

[8] Andrzej filed a pro se reply brief. We do not address any new issues raised in this reply brief. *See, e.g., Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex. 1996); *Salas v. LNV Corp.*, 409 S.W.3d 209, 219 n.6 (Tex. App.—Houston [14th Dist.] 2013, no pet.).