

## NUMBER 13-18-00413-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**ELIJAH SMITH,** **Appellant,**

**v.**

**CITY OF PHARR,** **Appellee,**

**On appeal from the 430th District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant, Elijah Smith, attempted to perfect an appeal from a judgment entered by the 430th District Court of Hidalgo County, Texas in cause number C-0407-17-J. Appellee has filed a motion to dismiss the appeal for want of jurisdiction.

Judgment in this cause was signed on April 13, 2018 and a motion for new trial was filed on May 10, 2018. Appellant filed a notice of appeal on August 1, 2018. On August 3, 2018, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if

the defect was not corrected within ten days from the date of receipt of the Court's directive. To date, appellant has not filed a response to this Court's notice.

Without a timely notice of appeal, this court has no jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Generally, a notice of appeal must be filed within thirty days after the final judgment or appealable order is signed. TEX. R. APP. P. 26.1(a)(1). The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* R. 26.1(a); TEX. R. CIV. P. 329b(a),(g).

The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files the notice of appeal and a motion to extend time for the filing. See TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18, 619 (1997) (construing the predecessor to Rule 26). However, the appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on July 12, 2018, ninety days after the final judgment was signed. Appellant did not file a motion for extension of time to file his notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, we GRANT appellee's motion and DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a)(c).

NORA L. LONGORIA
Justice

Delivered and filed the
29th day of August, 2018.