**Opinion issued October 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00027-CV

_____

**TYHAN, INC. D/B/A AUTO FIX UNLIMITED, Appellant**

**V.**

**CINTAS CORPORATION NO. 2, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1093315**

---

## MEMORANDUM OPINION

Tyhan, Inc., doing business as Auto Fix Unlimited, appeals from a default summary judgment in favor of Cintas Corporation No. 2. We reverse and remand.

# BACKGROUND

Tyhan signed a five-year contract with Cintas for the rental of uniforms and the provision of associated services. After about two and a half years, Tyhan stopped paying for Cintas's goods and services. Cintas sued Tyhan for breach of contract. Cintas sought past due amounts owed for goods and services rendered, liquidated damages for the remainder of the contract's five-year term, and the replacement cost of lost and damaged items rented to Tyhan.

In response to Cintas's lawsuit, Tyhan's president filed a letter on behalf of the company, which was not represented by counsel in the trial court. On appeal, both parties characterize this letter as Tyhan's answer.

Cintas moved for a traditional summary judgment on its cause of action for breach of contract. In support, Cintas attached the parties' contract, four invoices, an affidavit by the general manager of the location that serviced the contract, and an affidavit by its attorney as to reasonable and necessary attorney's fees incurred in prosecuting the suit.

Tyhan filed a verified response to Cintas's summary-judgment motion, in which its president represented that it had not yet retained counsel, stated that Cintas had not served it with a copy of the summary-judgment motion, and argued that genuine issues of material fact precluded summary judgment.

2

The trial court held a hearing on Cintas's summary-judgment motion. Neither Tyhan's president nor any other representative of Tyhan attended the hearing.

The trial court entered a final summary judgment in Cintas's favor. The judgment awarded Cintas $11,230.16 for unpaid invoices, $34,621.43 in liquidated damages, $2,823 for lost or damaged items, pre- and post-judgment interest, costs, and attorney's fees.

Tyhan filed a verified motion for new trial. In its motion, Tyhan's president represented that the company did not receive notice of the summary-judgment hearing and that it had a meritorious defense to Cintas's suit. Tyhan's new-trial motion was denied by operation of law.

Tyhan subsequently retained counsel, who filed this appeal.

## DISCUSSION

### I. Unpreserved Issues

#### A. Motion for New Trial

Tyhan first contends that the trial court abused its discretion by denying Tyhan's motion for a new trial because Tyhan did not receive notice of the hearing on Cintas's motion for summary judgment.

We review a trial court's denial of a motion for new trial for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). But we do so only if the movant has preserved its complaint for appellate review; if a

3

movant seeks a new trial on a ground on which evidence must be heard by the trial court, the movant must obtain a hearing on its new-trial motion to preserve error. *See* TEX. R. APP. P. 33.1(b); *Felt v. Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A movant must present evidence to show lack of notice as to a trial setting or hearing. *Hendricks v. Barker*, 523 S.W.3d 152, 157 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Wilson v. Gen. Motors Acceptance Corp.*, 897 S.W.2d 818, 820 (Tex. App.—Houston [1st Dist.] 1994, no writ).

The record does not show that Tyhan set its motion for hearing, or requested that the trial court consider it by written submission, and the trial court never acted on the motion. Instead, Tyhan's motion for new trial was overruled by operation of law. Tyhan therefore has not preserved its complaint as to lack of notice for our review. *See* TEX. R. APP. P. 33.1(b); *Felt*, 401 S.W.3d at 808; *see also R&G Transp. v. Fleetmatics*, No. 01-14-00891-CV, 2016 WL 268553, at *2 (Tex. App.—Houston [1st Dist.] Jan. 21, 2016, no pet.) (mem. op.) (no abuse of discretion when movant fails to set new-trial motion for hearing and it is overruled by operation of law).

### B. Liquidated-Damages Provision

Next, Tyhan challenges the trial court's liquidated damages award as an unenforceable penalty.

An assertion that a contractual liquidated-damages provision is an unenforceable penalty is an affirmative defense. *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991); *Magill v. Watson*, 409 S.W.3d 673, 679 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Unless it is apparent from the face of the plaintiff's petition that the provision is a penalty, the defendant must plead the defense or it is waived. *See* TEX. R. CIV. P. 94; *Phillips*, 820 S.W.2d at 789–90. Moreover, the defendant cannot raise this affirmative defense for the first time on appeal even if it is apparent from the face of the plaintiff's petition that the liquidated-damages provision is an unenforceable penalty. *See Phillips*, 820 S.W.2d at 790; *Excela Energy v. Exalt Real Estate Grp.*, No. 14-16-00388-CV, 2017 WL 2292586, at *2–3 (Tex. App.—Houston [14th Dist.] May 25, 2017, pet. denied) (mem. op.).

Tyhan did not challenge that the contract's liquidated-damages provision as an unenforceable penalty either in its answer or in its response to Cintas's summary-judgment motion. Tyhan raised this issue for the first time in its appellate brief. Tyhan therefore has not preserved this issue for review. *See Phillips*, 820 S.W.2d at 790; *Excela Energy*, 2017 WL 2292586, at *2–3.

## II. Summary Judgment

Tyhan challenges the evidence the trial court relied on in awarding the default damages. In its motion for summary judgment, Cintas relied on the affidavit of one

of its general managers, John Ayers, for proof of its damages. Tyhan asserts that this affidavit is conclusory and thus no evidence.

## A. Standard of review and applicable law

We review summary judgments de novo. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018). Traditional summary judgment is proper when the material facts are not disputed and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Oncor*, 539 S.W.3d at 258–59. If the movant seeks summary judgment on its own affirmative claim for relief, it must conclusively prove all elements of its cause of action. *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000). The trial court cannot grant summary judgment if the movant's summary-judgment proof is legally insufficient. *See Amedisys, Inc. v. Kingwood Home Health Care*, 437 S.W.3d 507, 512 (Tex. 2014).

A conclusory affidavit is legally insufficient to raise a genuine issue of material fact on summary judgment, let alone conclusively prove a fact. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Prime Prods. v. S.S.I. Plastics*, 97 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A witness's affidavit is conclusory when he offers nothing more than unexplained conclusions or opinions by failing to specify the facts on which his conclusions or opinions rest. *See Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d

380, 389 n.32 (Tex. 2008); *Brookshire Katy Drainage Dist. v. Lily Gardens*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

### B. Analysis

Ayers averred that Tyhan defaulted on the contract by failing to make its weekly rental payments. He stated that the contract had a term of five years and that Tyhan owed a balance of $11,230.16. Ayers did not explain how he calculated the balance or attach records accounting for the tally. Cintas attached four invoices to its summary-judgment motion. They state total amounts of $64.56, $184.84, $171.29, and $178.24, and are dated February 21, 2017, February 21, 2017, December 2, 2016, and November 10, 2016 respectively. They do not substantiate the outstanding balance of $11,230.16 stated by Ayers in his affidavit, which does not even refer to these four invoices.

Ayers further testified that Tyhan owed $34,621.43 under the liquidated-damages provision of the contract. This provision obligates Tyhan to pay "the greater of 50% of the average weekly invoice total multiplied by the number of weeks remaining in the unexpired term, or buy back all garments and other products allocated to [Tyhan] at the then current replacement values" if Cintas terminates the contract for cause. Ayers testified that Cintas terminated the contract with 139 weeks of its term remaining and stated that the weekly invoice amount was $498.15. Thus, the basis for his calculation is clear: 139 x $498.15 x .5 = $34,621.43. Ayers,

7

however, did not explain how the $498.15 average weekly invoice amount was calculated or attach records substantiating this average. Ayers's average weekly amount cannot be derived from the four invoices attached to Cintas's summary-judgment motion.

Finally, Ayers testified that Tyhan owes $2,823 under a provision of the contract requiring Tyhan to "pay the then current replacement values" for lost or damaged items. Ayers, however, neither identified the lost or damaged items nor itemized the current replacement values for them.

Ayers's statements as to the balance owed on the contract, liquidated damages, and replacement costs each suffer from the same essential flaw: they fail to provide the underlying factual basis for the amounts claimed. His affidavit therefore is conclusory and is no evidence of Cintas's damages. *See Brownlee*, 665 S.W.2d at 112 (affidavit that stated contract was modified but failed to specify the time, place, and exact nature of modification was conclusory); *see, e.g.*, *Brown v. Mesa Distribs.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (affidavit that stated $13,000 was owed under lease but didn't provide factual support or additional evidence showing how that figure was calculated was conclusory). Accordingly, we hold that the proof of damages is legally insufficient to support the amount awarded. Because Cintas's proof of damages is legally

insufficient, the trial court erred in granting summary judgment. *See Brownlee*, 665 S.W.2d at 112; *Prime Prods.*, 97 S.W.3d at 637.

## III.   Undecided Issues

Tyhan also contends that the trial court erred in granting summary judgment on the issue of liquidated damages because the record raises a genuine issue of material fact as to their amount and in awarding attorney's fees because the evidence of fees is legally insufficient. We need not decide these additional issues, given our reversal of the trial court's judgment on other grounds. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the judgment of the trial court and, as Tyhan contests liability and the alleged damages are unliquidated, we remand this cause for a new trial on both liability and damages. *See* TEX. R. APP. P. 44.1(b); *Pointe W. Ctr. v. It's Alive, Inc.*, 476 S.W.3d 141, 150 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.