**Opinion issued October 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00773-CV

_____

**EVIAN JOHNSON AND MELLANIE M. WALTON, Appellants**

**V.**

**PAMELA LEE AND DONNY LEE, Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-20412**

---

## MEMORANDUM OPINION

Evian Johnson and Mellanie M. Walton appeal from a default judgment.

Johnson and Walton contend that the trial court abused its discretion when their

motion for new trial was overruled by operation of law. Because Johnson and Walton

did not request a hearing on their motion for new trial or present it to the trial court

on written submission, they failed to preserve for our review the challenges to the judgment raised in the motion. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

This suit arises out of an automobile accident. Pamela and Donny Lee sued Johnson and Walton for negligence. Johnson and Walton were served with the Lees' petition but did not answer the suit. The Lees requested that the trial court enter a default judgment. The trial court signed a default judgment against Johnson and Walton, and it awarded damages in the amount of $10,400.82.

Johnson and Walton moved for a new trial, contending that their failure to answer resulted from their lack of notice of the lawsuit, or alternatively, their lack of understanding of "what legal documents to file and where." Walton attached an affidavit, in which she averred that all facts stated in the motion were true and correct and within her personal knowledge.

Johnson and Walton did not file a request for submission or seek a hearing on their motion. The record does not show that the trial court considered the motion either by written submission or at an oral hearing. The motion for new trial was denied by operation of law. Johnson and Walton moved for reconsideration, but the record again does not reveal any request for submission or hearing of the motion.

**DISCUSSION**

Johnson and Walton contend that the trial court abused its discretion by failing to grant a new trial based on the grounds asserted in their motion.

**A.     Standard of review and applicable law**

We review a trial court's denial of a motion for new trial for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). But we do so only if the movant has first presented the motion to the trial court; if a movant seeks a new trial on a ground on which evidence must be heard, the movant must obtain a hearing on its new-trial motion to preserve error. *See* TEX. R. APP. P. 33.1(b); *Felt v. Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

**B.     Analysis**

Johnson and Walton asked the trial court to set aside its default judgment in their motion for new trial, but they did not set the motion for a hearing, or request that the trial court consider it by written submission. The trial court never acted on the motion. Instead, the motion was denied by operation of law. Because a hearing on the motion for new trial was required to preserve the issues raised in the motion for our review, we overrule their appellate complaint. *See* TEX. R. APP. P. 33.1(b); *Felt*, 401 S.W.3d at 808; *see also R&G Transp. v. Fleetmatics*, No. 01-14-00891-CV, 2016 WL 268553, at *2 (Tex. App.—Houston [1st Dist.] Jan. 21, 2016, no pet.)

(mem. op.) (no abuse of discretion when movant fails to set new-trial motion for hearing and it is overruled by operation of law).

## CONCLUSION

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.