**Reversed and Remanded and Memorandum Opinion filed May 2, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00238-CV

**TATIANNA TURNER, Appellant**

**V.**

**NICOLE JOHNSON, Appellee**

**On Appeal from the 146th District Court**
**Bell County, Texas**
**Trial Court Cause No. 21DFAM326110**

## MEMORANDUM OPINION

In a single issue in this restricted appeal, appellant Tatianna Turner (Mother) argues the final default order of the trial court awarding joint managing conservatorship to Nicole Johnson, a family friend who sought conservatorship rights over Mother's minor child, should be set aside because Mother did not receive notice of the final-hearing setting. Concluding that the trial court erred by conducting the final hearing without proper notice to Mother, we reverse the

default order in the suit affecting the parent-child relationship and remand the case to the trial court for further proceedings.

## I.    BACKGROUND

In 2020, Mother was involved in a violent encounter in her home witnessed by her seven-year-old son, N.C. As a result, Mother left N.C. with Johnson and moved out of state. After more than a year of caring for N.C., Johnson filed a suit affecting the parent-child relationship in Bell County, Texas seeking appointment as N.C.'s sole managing conservator.[1]

Mother was served in Alabama and answered.[2] She then filed a counter-petition against Johnson seeking the return of N.C. to her custody and for orders appointing her as the sole managing conservator of N.C. The trial court signed an order in August 2021 for issuance of a writ of habeas corpus requiring Johnson to bring N.C. to the court. The writ was served on Johnson and N.C. was returned to Mother.

In 2022, before the final hearing, Mother's lawyer moved to withdraw as counsel for Mother. The court granted the motion, and Mother remained unrepresented thereafter.

The trial court conducted the final hearing in the case on October 20, 2022. Mother did not appear, and the trial court rendered a default final order appointing both Johnson and Mother as joint managing conservators of N.C. Mother filed a

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Third District of Texas to transfer this appeal (No. 03-23-00152-CV) to this court. Misc. Docket No. 23-9017 (Tex. Mar 21, 2023); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. P. 41.3.

[2] N.C.'s father, although named and served with Johnson's petition, did not appear and is not a party to this appeal.

restricted appeal pursuant to Texas Rule of Appellate Procedure 30. Tex. R. App. P. 30.

## II.    ANALYSIS

In her sole issue on appeal, Mother argues that she meets the elements of a restricted appeal and the default final order should be set aside.

## A.    Restricted appeal

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To be entitled to a restricted appeal, an appellant must show that: (1) she filed notice of restricted appeal within six months after the complained-of judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the complained-of judgment and did not timely file any postjudgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P. 26.1[3]; Tex. R. App. P. 30; *see Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three requirements are jurisdictional; if they are not met, an appellant has no right to relief by way of a restricted appeal. *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). "An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal." *Id.*

A restricted appeal affords an appellant a review of the entire case, the same scope of review as in an ordinary appeal. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The only restriction on the scope of restricted-appeal review is that the error must appear on the face of the record. *Id.*

---

[3] Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, .013 (writ of error; now restricted appeal).

**B.      Error on the face of the record**

In this case, there is no dispute that Mother met the first three requirements; therefore, the only issue on appeal is whether error is apparent from the face of the record. The face of the record, for purposes of restricted-appeal review, consists of the clerk's record and the reporter's record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991) (discussing appellate record under former 1986 Texas Rules of Appellate Procedure 50(a),[4] which was transcript (now clerk's record) and statement of facts (now reporter's record)).

Here, Mother argues there is error on the face of the record because the trial court conducted a final contested hearing without notice to her. The trial court allowed Mother's counsel to withdraw in July 2022 at which time the trial court acknowledged there were no pending settings. The final hearing occurred approximately three months later.

We presume that the trial court will hear a case only when notice has been given to the parties. *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). We accordingly begin with a presumption that Mother had proper notice of the trial court setting. *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To overcome this presumption, Mother must affirmatively show her lack of notice. *Id*. "This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice." *Campsey*, 111 S.W.3d at 772. Although Mother argues there is no evidence in the record that any notice was sent to her of the final hearing, there was evidence of notice in the record. Johnson filed a "Notice of Trial Setting," which states that "[n]otice is

---

[4] Tex. R. App. P. 50(a), 11 Tex. Reg. 1939, 1997, 49 Tex. B.J. 556, 572 (Tex. Apr. 10, 1986, eff. Sept. 1, 1986) (since amended).

given to [Mother]" of the October 2022 trial setting. There is no date on which notice was sent, so we will presume it was sent on the date Johnson filed the notice with the trial court—the day before trial. *See Cox v. Cox*, 298 S.W.3d 726, 733 (Tex. App.—Austin 2009, no pet.) (if notice of service does not specify date of service, court will presume service on date notice of service is filed).

Texas Rule of Civil Procedure 245 requires contested cases to be set for trial "with reasonable notice of not less than forty-five days to the parties of a first setting for trial." Tex. R. Civ. P. 245; Tex. Fam. Code Ann. § 105.003 (except as otherwise provided, proceedings in suit affecting the parent-child relationship "shall be as in civil cases generally"). "A trial court's failure to comply with notice rules in a contested case deprives the defendant of his constitutional right to be present at the hearing, to voice objections in an appropriate manner, and results in a violation of fundamental due process." *Hildebrand v. Hildebrand*, No. 01-18-00933-CV, 2020 WL 4118023, at \*4 (Tex. App.—Houston [1st Dist.] July 21, 2020, no pet.) (mem. op.) (internal quotation marks omitted). Notice of trial sent to Mother the day before trial does not constitute reasonable notice.[5] *See Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019) (trial court erred in rendering judgment in absence of party to divorce proceeding who did not receive notice required by Rule 245); *see also Interest of Z.U.L.*, No. 06-20-00079-CV, 2021 WL 96864, at \*2 (Tex. App.—Texarkana Jan. 12, 2021, no pet.) (mem. op.) (trial court erred in rendering judgment against unrepresented mother in contested

---

[5] In her appellant brief, Johnson argues that Mother did receive notice of the final-hearing setting. Johnson attached, to her brief, a copy of a letter sent by the court coordinator to Mother at her last known address on September 20, 2022—30 days before the final hearing. The notice of setting relied on by Johnson is not contained within the appellate record; therefore, we cannot consider it in our restricted-appeal review. *See Nuby v. Allied Bankers Life Ins. Co.*, 797 S.W.2d 396, 398 (Tex. App.—Austin 1990, no writ). However, even if it were contained within the appellate record, it does not provide the forty-five days' notice required by Rule 245. Mother did not receive proper notice of the final hearing whether the notice was sent to her 30 days before the hearing or one day before the hearing.

child-support case who did not receive proper notice under Rule 245 of final hearing). Therefore, we conclude there is error on the face of the record reflecting that Mother did not receive the required notice under Rule 245.

At the final contested hearing, the trial court stated that Mother was "given notice of the hearing and has not appeared." The trial court also discussed that the notice was sent to Mother at her last known address in Alabama. However, there was no evidence or discussion of the date on which Mother was sent notice or whether the requirements of Rule 245 were met. Without more, this statement does not cure the error on the face of the record reflecting lack of compliance with Rule 245.

We sustain Mother's sole issue on appeal.

### III.   CONCLUSION

We reverse the default order in the suit affecting the parent-child relationship and remand the case to the trial court for further proceedings.


/s/     Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.